Samuel Ray (SBN 308921)
Colla & Ray LLP
1561 Powell Street
San Francisco, CA 94133
415-579-1414
sam@collaray.com

**Attorneys for Defendant Green Oasis Limited Partnership**
**Defendant Kenesha Fudge, as Trustee of Moon Irrevocable Trust**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>RICHARD TOM, AKA RICH TOM,<br><br>    DEBTOR<br><br>SSN: XXX-XX-8585<br><hr>LYNN SCHOENMANN, TRUSTEE<br><br>    PLAINTIFF,<br><br>VS.<br><br>RICHARD TOM; RICHARD TOM AS TRUSTEE OF AND ON BEHALF OF GOD'S GRACE IRREVOCABLE TRUST; WINNIE JIANG; KENESHA FUDGE AS TRUSTEE AND ON BEHALF OF MOON IRREVOCABLE TRUST; GREEN OASIS LIMITED PARTNERSHIP; JUSTIN TOM, AND DOES 1-25.<br><br>    DEFENDANTS. | Case No.: 19-31024 HLB<br><br>Chapter 7<br><br>---<br><br>**ADV. PROC. NO. 21-03056**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>Date: February 2, 2023<br>Time: 2:00 p.m.<br>Place: Telephone/Videoconference<br>Judge: Hon. Hannah L. Blumenstiel |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 1 of 17

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................1

    I.    **Summary of Alleged Fraudulent Transfers**. ........................................................1

        a.    Transfer to Defendant Justin Tom..............................................................2

        b.    Transfer to Defendant Green Oasis Limited Partnership. .........................2

        c.    Transfer to Winnie Jiang. ..........................................................................3

        d.    Transfers to God's Grace Irrevocable Trust and Moon Irrevocable Trust ................3

    II.    **Summary of Related Litigation**. ........................................................................3

        a.    Fraudulent Transfer Action by the Ng Family...........................................4

        b.    Family Law Action - Jiang v. Richard Tom (FPT-09-375986) ................6

        c.    2017 Debtor's Exam in Wrongful Death Action. ......................................7

**LEGAL STANDARD** .........................................................................................................7

**LEGAL ARGUMENT** .......................................................................................................8

    I.    **Plaintiff's Claims are Time Barred by California's Statute of Repose**. ..................8

    II.    **The Trustee's Claims are Time Barred by the Two-Year Statute of Limitations Under 11 U.S.C. § 546 To Bring an Action to Set Aside A Fraudulent Transfer**..........11

    III.    **Plaintiff's Claims Are Time Barred by California's Statute of Limitations for Fraudulent Transfers**..........................................................................................13

**CONCLUSION** ...............................................................................................................14

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF POINTS AND AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..................................................10

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)..............................................................10

*Cossman v. DaimlerChrysler Corp,.* 108 Cal.App.4th 370 (2003).................................12

*Foraker v. USAA Cas. Ins. Co.,* 2015 U.S. Dist. LEXIS 63104 (D. Or. 2015) ..............11

*Giest v. Sequoia Ventures, Inc.*, 83 Cal.App.4th 300, 305 (2010) .................................12

*In re Acequia, Inc.*, 34 F.3d 800 (9th Cir. 1994)............................................................16

*In re JMC Telecom LLC,* 416 B.R. 738 (C.D. Cal. 2009) ..............................................11

*In re McDowell,* 87 Bankr. 544 (Bankr. S.D. Ill. 1988) .................................................16

*In re Slatkin* 222 Fed. Appx. 545 (9th Cir. 2007) ..........................................................12

*Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).......................................14

*Leonard v. Socony-Vacuum Oil Co.,* 130 F.2d 535 (7th Cir. 1942)................................11

*Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ........10

*McCann v. Foster Wheeler LLC,* 48 Cal.4th 68 (2010)..................................................12

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000)...11

*PGA West Residential Ass'n v. Hulven Int'l, Inc.,* 14 Cal.App.5th 156 (2017)...... 11, 12

**Statutes**

11 U.S.C. § 544 ........................................................................................... 5, 13, 16

California Civil Code § 3439.04 ...................................................................... 5, 16

California Civil Code § 3439.05 ............................................................................16

California Code of Civil Procedure § 3439.09................................................ 11, 16

**Rules**

Federal Rule of Bankruptcy Procedure 7056.........................................................10

Federal Rule of Civil Procedure 15........................................................................14

Federal Rule of Civil Procedure 56.................................................... 4, 10, 11, 17

Ninth Circuit Rule 36-3(b)......................................................................................12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056   Doc# 91-2   Filed: 12/30/22   Entered: 12/30/22 20:59:29   Page 3 of 17

## INTRODUCTION

Defendant Green Oasis Limited Partnership and Defendant Kenesha Fudge, as Trustee and on behalf of Moon Irrevocable Trust (collectively, "Defendants"), will and hereby do move the Court (the "Motion") for an order granting summary judgment in their favor. Defendants are entitled to summary judgment under Federal Rule of Civil Procedure 56(a) because there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

On September 25, 2021, Trustee Lynn Schoenmann ("Trustee") filed this adversary complaint ("Complaint") against Defendant Richard Tom and Defendant God's Grace Irrevocable Trust, "to avoid and recover for the estate a fraudulent transfer made by Richard Tom to the Trustee of God's Grace Irrevocable Trust." (Request for Judicial Notice ("RJN") ¶ 1, Exh. 1.) On June 24, 2022, the Trustee amended her complaint ("First Amended Complaint" or "FAC") and added Winnie Jiang ("Defendant Jiang"), Kenesha Fudge as Trustee of the Moon Irrevocable Trust ("Defendant Moon"), Green Oasis Limited Partnership ("Defendant GOLP"), and Justin Tom ("Defendant Justin Tom"), as additional defendants in this matter. (RJN ¶ 2, Exh. 2.)

The FAC alleges, *inter alia*, that each Defendant participated in fraudulent transfers involving the real property located at 532 Green Street in San Francisco, California (the "Property"). (FAC ¶¶1-83.) The FAC seeks to avoid the transfers under the Uniform Fraudulent Transfers Act and alleges the transfers related to the Property were carried out by Defendant Richard Tom in order "to render his creditors unable to collect the monies they were and are rightfully owed." (FAC ¶ 19.)

### I. Summary of Alleged Fraudulent Transfers.

As alleged in the FAC, the Property originally belonged to Defendant Richard Tom's mother, Mary Tom. (FAC ¶ 20.) A 1/2 interest in the Property was transferred into the Mary Tom

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT

Case: 21-03056  Doc# 91-2  Filed: 12/30/22  Entered: 12/30/22 20:59:29  Page 4 of 17

Revocable Trust in 1994. (RJN ¶ 3, Exh. 3.) Then, Mary Tom transferred a 1/2 interest in the Property to Defendant Richard Tom, which was transferred into the Richard Tom Trust in 2005. (RJN ¶ 4, Exh. 4.) The Mary Tom Trust then transferred its 1/2 interest in the Property to Justin Tom. (RJN ¶ 5, Exh. 5.) Eventually, Defendant Richard Tom and Defendant Justin Tom transferred the Property to Defendant GOLP. (RJN ¶ 6, Exh. 6.) Since the transfer into GOLP, there have been several changes to the GOLP ownership structure. (FAC ¶¶ 27, 38, 40.) Trustee's FAC requests that this Court find that the following alleged transfers are avoidable pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04. (FAC, Prayer ¶¶ 1-3.)

### a. Transfer to Defendant Justin Tom.

The FAC alleges that Richard Tom conveyed an interest in the Property to Defendant Justin Tom on November 16, 2007. (FAC ¶ 21.) In reality, Richard Tom did not hold title to the portion of the Property that was transferred to Defendant Justin Tom. (RJN ¶ 5, Exh. 5.) Instead, Defendant Justin Tom received his interest in the Property on the Mary Tom Trust on October 24, 2007 (deed recorded on November 16, 2007). (RJN ¶ 5, Exh. 5.)

### b. Transfer to Defendant Green Oasis Limited Partnership.

According to the FAC, Defendant GOLP was created on October 9, 2007. (FAC ¶ 22.) The FAC alleges that on November 16, 2007, the Trust of Richard Tom transferred its 50% interest in the Property into GOLP. (FAC ¶ 23.) The FAC further alleges that Defendant Justin Tom transferred his 50% interest in the Property to GOLP on November 16, 2007. (FAC ¶ 23.) This is confirmed by the Grant Deeds documenting the transfers the Trust of Richard Tom and Defendant Justin Tom, into Defendant GOLP, which was executed on October 24, 2007 and recorded on November 16, 2007. (RJN ¶ 6, Exh. 6.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 5 of 17

### c. Transfer to Winnie Jiang.

The FAC alleges that Richard Tom "allegedly" transferred 32% of his 50% interest in GOLP to Defendant Winnie Jiang in May 2010, pursuant to a stipulation between Defendant Richard Tom and Defendant Winnie Jiang, to secure Defendant Richard Tom's child support payments. (FAC ¶ 27.) This is confirmed by the stipulation between Defendant Richard Tom and Defendant Winnie Jiang, which was filed with the San Francisco Superior Court in Family Law Matter Case No. FPT-09-375986 (the "Family Law Action"). (RJN ¶¶ 7, 8, Exh. 7, 8.)

### d. Transfers to God's Grace Irrevocable Trust and Moon Irrevocable Trust

The FAC alleges that on November 23, 2013, Richard Tom transferred 14% interest in GOLP to God's Grace Irrevocable Trust. (FAC ¶ 38.) The FAC further alleges that God's Grace Irrevocable Trust transferred its interest into Moon Irrevocable Trust. (FAC ¶ 40.)

## II. Summary of Related Litigation.

As alleged in the FAC, Defendant Richard Tom and Loraine Wong were involved in a collision that resulted in the tragic death of Loraine Wong's daughter. (FAC ¶ 13.) Loraine Wong, her surviving daughter, and her husband, Mark Ng (collectively the "Ng Family") sued Defendant Richard Tom in San Mateo Superior Court under Case No. CIV 464944 ("Wrongful Death Action") and were awarded $7,258,000 by the jury ("Jury Award"). (FAC ¶ 13.)

Since obtaining the Jury Award, the Ng Family and the Trustee, have made a variety of attempts to unwind transfers related to the Property. The Trustee and the Ng Family are both represented by the same counsel, Diemer & Wei LLP. Initially, the Ng Family filed a civil action in 2010 in San Francisco Superior Court, which was partially resolved by way of summary judgment and partially resolved following a jury trial. (RJN ¶¶ 9, 10, 11, Exh. 9, 10, 11). Further, the Trustee also attempted to intervene in a family court action in San Francisco Superior Court

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056   Doc# 91-2   Filed: 12/30/22   Entered: 12/30/22 20:59:29   Page 6 of 17

to disrupt Defendant Richard Tom's transfer of a portion of his ownership in Defendant GOLP to Defendant Winnie Jiang. (RJN ¶¶ 9, 10, 11, Exh. 9, 10, 11.)

### a. Fraudulent Transfer Action by the Ng Family.

On October 26, 2010, the Ng Family filed suit in San Francisco Superior Court to set aside the transfers related to the Property under Case No. CGC-10-504874 ("2010 Fraudulent Transfer Action"). (RJN ¶ 9, Exh. 9). In that case, the Ng Family made similar allegations as contained in the FAC, to wit: Defendant Richard Tom transferred fraudulently conveyed various interests in the Property as an effort to hinder the Ng family from collecting the debt owed to them by Defendant Richard Tom. (RJN ¶ 9, Exh. 9.) The Ng family specifically sought to set aside the same transfers detailed in the FAC, including the transfers by and between, inter alia, Defendant Justin Tom, Defendant Green Oasis Limited Partnership, and Defendant Winnie Jiang. (RJN ¶ 9, Exh. 9.)

Initially, a portion of that case as to Defendant Justin Tom and Defendant Green Oasis Limited Partnership was resolved on summary judgment in favor of said defendants. In short, the Court ruled that:

> 1. Judgment should be entered against Plaintiffs and in favor of Defendants Richard Tom and Justin C. Tom on Plaintiffs' causes of action for Fraudulent Conveyance and Conspiracy with respect to the alleged transfer of a 50% interest in the real property commonly described as 532-536 Green Street, in San Francisco, California (the "Property") as the undisputed facts demonstrate that Richard Tom did not transfer such an interest to Justin C. Tom and that Justin C. Tom received his 50% interest in the Property from the Mary Tom Revocable Trust.
>
> 2. Judgment should be entered against Plaintiffs and in favor of Defendants Justin C. Tom and Green Oasis, L.P. on Plaintiffs' causes of action for Fraudulent Conveyance and Conspiracy with respect to the alleged transfer of a 50% interest in the Property from Justin C. Tom to Green Oasis, L.P. as the undisputed facts demonstrate that Justin C. Tom received his 50% interest in the Property from the Mary Tom Revocable Trust.

(RJN ¶ 10, Exh. 10.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 7 of 17

The remainder of the 2010 Fraudulent Transfer action was decided by the Jury. Final judgment on the jury's special verdict was entered on November 19, 2013, as follows:

1. The Court finds and decrees that the 2007 transfer of fifty percent (50%) interest in the real property located at 532-536 Green Street by Richard Tom to Green Oasis Limited Partnership was done to delay, to hinder, or to defraud the plaintiffs in connection with their claims arising from the February 19, 2007, motor vehicle collision in San Mateo County between Loraine Wong and Richard Tom, but that Green Oasis Limited Partnership took the interest in real property in good faith and for reasonably equivalent value. Therefore, the transfer by Richard Tom to Green Oasis Limited Partnership is not voidable and the Court shall not disturb the 2007 transfer of fifty percent (50%) of real property by Richard Tom to Green Oasis Limited Partnership.

2. The Court finds and decrees that the transfer of thirty-two percent (32%) of Green Oasis Limited Partnership by Richard Tom to Qiu Yue "Winnie" Jiang was done to delay, to hinder, or to defraud the plaintiffs in connection with their claims arising from the February 19, 2007, motor vehicle collision in San Mateo County and that Qiu Yue "Winnie" Jiang did not take the interest in the partnership in good faith and for reasonably equivalent value.

3. The Court finds and decrees that the transfer by Richard Tom to Qiu Yue "Winnie" Jiang was done pursuant to a court order and judgment dated June 14, 2010 (with duplicate order and judgment entered May 3, 2010) in San Francisco County, Family Law Division, Superior Court case number FPT-09-375986, and that said order has not been set aside or otherwise modified. Therefore, this Court sitting in equity declines to void, to alter, to vacate, to set aside, or otherwise to disturb that family law order and thus shall not modify in any way the transfer in 2010 of thirty-two percent (32%) of Green Oasis Limited Partnership by Richard Tom to Qiu Yue "Winnie" Jiang. Plaintiffs may seek relief in the family court matter, to the extent allowed under California law.

4. The Court finds, decrees, and orders that the subject 200 transfer by Richard Tom to Qiu Yue "Winnie" Jiang of thirty-two percent (32%) was and is for the benefit of the minor Garrett Tom (born December 21, 2008) and that the subject transfer is to act as security for the payment of Richard Tom's child support obligation for minor Garrett Tom until Richard Tom is no longer obligated under California law to support said Minor Child. The Court finds that it has no jurisdiction over the minor, Garrett Tom, that the 2010 family court order and transfer were for the benefit of said minor, and the transfer was not for the benefit of Richard Tom or Qiu Yue "Winnie" Jiang. Should Richard Tom and/or Qiu Yue "Winnie" Jiang seek a modification of the Court's orders and judgments referred to in paragraph three of this Judgment on Special Verdict, then Richard Tom and/or Qiu Yue "Winnie" Jiang must give written notice twenty days in advance of any hearing before the family court of any such request for modification. If a request for modification is

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056   Doc# 91-2   Filed: 12/30/22   Entered: 12/30/22 20:59:29   Page 8 of 17

granted, Mark Ng and Loraine Wong may apply for a modification, if appropriate, to this Judgment on Special Verdict.

5. The Court finds, decrees, and orders that, pursuant to Order of the Court entered February 14, 2013, granting summary judgment, which order was in words and form as attached hereto, the transfer by Justin C. Tom of fifty percent (50%) of real property to Green Oasis Limited Partnership was not fraudulent in that Justin C. Tom received his interest in the real property from the Mary Tom Revocable Trust. The Court finds, decrees, and orders that as to Richard Tom's remaining interest in Green Oasis Limited Partnership, that interest is fourteen percent (14%), which amount is available for payment towards satisfaction through lawful and valid collection actions by Plaintiffs of the San Mateo County Superior Court Judgment, arising from the February 19, 2007, motor vehicle collision, entered in favor of Plaintiffs Mark Ng and Loraine Wong. The Court is not ordering that the said fourteen percent (14%) be transferred to Plaintiffs.

7. The Court finds, decrees, and orders that, pursuant to stipulation of the parties before this Court, Qiu Yue "Winnie" Jiang does not have a security interest in Richard Tom's remaining fourteen percent (14%}, but maintains such an interest in thirty-two percent (32%) of Green Oasis Limited Partnership.

8. The Court orders that all previous stays ordered herein were and shall be dissolved on October 16, 2013, but that there shall be a stay on any disbursements by Green Oasis Limited Partnership to Richard Tom for sixty (60) days from date of entry of this Judgment.

(RJN ¶ 11, Exh. 11.)

### b. Family Law Action - Jiang v. Richard Tom (FPT-09-375986)

On February 8, 2021, the Trustee filed a motion for joinder in the Family Law Action. (RJN ¶ 12, Exh. 12.) On April 27, 2021, the San Francisco Superior Court denied the Trustee's motion for joinder, finding that the "stipulation and order is a valid Court Order…" (referring to the May 3, 2010 Stipulation between Defendant Richard Tom and Defendant Winnie Jiang filed in the Family Court Action). (RJN ¶ 13, Exh. 13.) The Trustee appealed this ruling to the First District Court of Appeal under Case Number A163134. (RJN ¶¶ 14, 15 Exh. 14, 15.) Notably, in her opposition to Defendant Richard Tom's request for a stay, the Trustee argued that "[T]his action must take place in Family Court pursuant to the 2013 Judgment in the fraudulent transfer case before the San Francisco Superior Case requiring enforcement of the fraudulent transfer

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056   Doc# 91-2   Filed: 12/30/22   Entered: 12/30/22 20:59:29   Page 9 of 17

judgment solely in the San Francisco Family Court." (RJN ¶ 15, Exh. 15, P. 5.) The Trustee is represented by Diemer & Wei, LLP in both its motion for joinder and corresponding appeal, which is stll pending. The FAC makes no mention of the motion or pending appeal. (<u>See</u> FAC.)

### c. 2017 Debtor's Exam in Wrongful Death Action.

On September 13, 2017, Diemer & Wei LLP took Defendant Richard Tom's debtor's exam in connection with the Wrongful Death Action. During that debtor's exam, Defendant Tom testified extensively to the various transfers related to the Property, including the transfer of interest in Defendant GOLP to Defendant God's Grace Irrevocable Trust:

> **Q. In 2013 you transferred your interest in 536 Green Street to Gods Grace Irrevocable Trust; is that correct?**
>
> **A. Yes.**

(RJN ¶ 16, Exh. 16, 37:6-10.) In the debtor's exam, Diemer & Wei LLP also asked Defendant Richard Tom questions about each of the transfers referenced in the FAC. (RJN ¶ 16, Exh. 16.)

### LEGAL STANDARD

In an adversary proceeding, summary judgment is proper when "[t]he movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Fed. R. Civ. P. 56(a), incorporated by Fed. R. Bankr. P. 7056.) In a motion for summary judgment, the moving party bears the burden of showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317 , 325 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986). Unless the party defending against summary judgment can demonstrate specific facts that create a question for the jury, the court should fine for the moving party. *Anderson*, *supra*, U.S. at 248.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT - 10**

Federal Rule of Civil Procedure 56(a) specifically allows a party to seek partial summary judgment regarding "part of each claim or defense." Partial summary judgment is a "pretrial adjudication that certain issues shall be deemed established for the trial." Fed. R. Civ. P. 56(d) advisory committee's notes (amended 1946). Partial summary adjudication allows the parties to speed up litigation by eliminating matters before trial when there is no genuine dispute of a material fact. See *Leonard v. Socony-Vacuum Oil Co.,* 130 F.2d 535 (7th Cir. 1942). Partial summary adjudication allows the moving party to "negat[e] an essential element of the nonmoving party's claim." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000; see, *Foraker v. USAA Cas. Ins. Co.,* 2015 U.S. Dist. LEXIS 63104 (D. Or. 2015) [partially granting a plaintiff's motion for partial summary judgment in a personal injury case as to the issues of causation, reasonableness and necessity of medical expenses, and comparative fault].)

## LEGAL ARGUMENT

### I. Plaintiff's Claims are Time Barred by California's Statute of Repose.

Plaintiff's claims against Defendant are time barred by California's seven-year statute of repose for fraudulent transfer claims. See Code Civ. Proc. § 3439.09, subd. (c) ["a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred."]. California's statute of repose governs all fraudulent transfer claims, whether they arise under the California Uniform Fraudulent Transfer Act ("CUFTA") or common law. See *In re JMC Telecom LLC,* 416 B.R. 738, 743 (C.D. Cal. 2009) [statute of repose barred fraudulent transfer cause of action filed nine years after transfer was made or obligation was incurred]; *PGA West Residential Ass'n v. Hulven Int'l, Inc.,* 14 Cal.App.5th 156, 187 (2017).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT - 8**

Case: 21-03056     Doc# 91-2     Filed: 12/30/22     Entered: 12/30/22 20:59:29     Page 11 of 17

Under California Code of Civil Procedure §3439.09(c), a claim must be brought "within seven years after the transfer was made or the obligation was incurred." Code Civ. Proc. § 3439.09, subd. (c) (emphasis added). Thus, a claim is untimely if filed on or after the seventh anniversary of the date when the transfer was made or the obligation was incurred. In *PGA West*, the court emphasized this point: "The absolute last day an action could have been filed to attack the deed of trust [recorded on January 28, 2004], under the UFTA or not, was January 27, 2011." *PGA West*, *supra*, 14 Cal.App.5th at 187.

Unlike an ordinary statute of limitations which begins running upon accrual of the claim, "'[the] period contained in a statute of repose begins when a special event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.' [Citation.]'" *McCann v. Foster Wheeler LLC,* 48 Cal.4th 68, 78–79 (2010), fn. 2, quoting *Giest v. Sequoia Ventures, Inc.*, 83 Cal.App.4th 300, 305 (2010); accord, *Cossman v. DaimlerChrysler Corp,.* 108 Cal.App.4th 370, 379, fn. 8. (2003).

In the case *In re Slatkin*, the Ninth Circuit directly addressed the issue of whether the statute of repose was measured from the date the debtor filed for bankruptcy protection, or the date the Trustee filed the complaint. See *In re Slatkin* 222 Fed. Appx. 545, 547 (9th Cir. 2007).[1] In *Slatkin*, the Court found that:

> The bankruptcy court erred in measuring the seven-year claims from the date Slatkin filed for bankruptcy protection rather than the date the Trustee filed the complaint to avoid the fraudulent transfers. *See* Cal. Civ. Code § 3439.09(c) ("Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought . . . within seven years after the transfer was made or the obligation was incurred."). Because this statute of repose "provide[s] an overarching, all-embracing maximum

---

[1] Ninth Circuit Rule 36-3(b) states that "[u]npublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of the circuit in accordance with FRAP 32.1." A true and correct copy of the *Slatkin* case is attached to Defendants' Request for Judicial Notice as Exhibit 19.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT - 12**

time period to attack a fraudulent transfer," *Macedo v. Bosio,* 86 Cal. App. 4th 1044, 104 Cal.Rptr.2d 1, 5 n.4 (Cal.App. 2001), it extinguished the Trustee's ability to reach the transfers that occurred more than seven years prior to the date upon which the Trustee filed the claim against Jenner. *See also* Cal. Civ. Code § 3439.09 (Comments) (stating that the purpose of the section "is to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy").

<u>See</u> *In re Slatkin*, *supra*, 222 Fed. Appx. at 547. As the Court ruled in *Slatkin*, the statute of repose extinguished the Trustee's ability to reach transfers that occurred more than seven years prior to the date the Trustee filed its adversary claim.

Here, Defendant Richard Tom filed his Chapter 7 case on September 26, 2019. The Trustee filed the present adversary case on September 25, 2021. (RJN ¶ 1 Exh. 1.) Thus, under the seven (7) year Statute of Repose, the Trustee may not recover any transfers before September 25, 2014. Here, the Trustee alleges that the transfers to Defendant Justin Tom and to Defendant GOLP occurred prior to 2012. (FAC ¶¶ 21, 22, 23.) The recorded documents support this fact. (RJN ¶¶ 3, 4, 5, 6 Exh. 3, 4, 5, 6.) Further, the Trustee's Amended Complaint alleges that the transfer of a partial interest in GOLP to Defendant Winnie Jiang occurred in 2010. (FAC ¶ 27.) This is supported by the Stipulation filed in the Family Law Case. (RJN ¶ 1 Exh. 7.) Finally, the Trustee alleges that Richard Tom transferred his remaining 14% interest in GOLP to God's Grace Irrevocable Trust on November 23, 2013. (FAC ¶¶ 38, 40.)

As such, there is no genuine dispute of material fact that all of the transfers alleged in the First Amended Complaint occurred outside of the seven-year Statute of Repose period. Therefore, the Trustee's claims are time barred.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 13 of 17

## II. The Trustee's Claims are Time Barred by the Two-Year Statute of Limitations Under 11 U.S.C. § 546 To Bring an Action to Set Aside A Fraudulent Transfer.

11 U.S.C. § 546(a) sets forth a two-year limit on the Trustee's avoidance powers. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of the timely filed original pleading." *Krupski v. Costa Crociere S.p.A.* 560 U.S. 538, 541 (2010).[2] Rule 15(c) states that:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleadings; or
> >
> > (C) the amendment changes the part or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. Here, the Trustee's Amended complaint meets none of these criteria. Specifically, the applicable statute of limitations does not provide for relation back. Second, the additional allegations in the Amended Complaint do not arise of the same "conduct transaction, or occurrence" as they pertain to different transfers of the Property. Finally, the Trustee cannot

---

[2] "Rule 15 F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7015.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 14 of 17

argue that she made a mistake concerning the proper party's identity. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

In fact, the Trustee has been aware of each of the transferred that were added into the amended Complaint for a period time well before the filing of the present adversary Complaint. In fact, all of the relevant transfers are referenced in the original Complaint. (See Complaint ¶¶ 27, 28, 31, 33) Further, as the Trustee is represented by the same attorney – Diemer & Wei, LLP – as the Ng Family, she cannot reasonable argue that she was unaware of the 2010 Fraudulent Transfer Case, in which the Ng Family made substantially similar allegations as to the transfers to Defendant Justin Tom and Defendant GOLP. (RJN ¶¶ 9-11.)

In fact, Diemer and Wei attached documents related to the 2010 Fraudulent Transfer Case to the Ng Family's Complaint in the Ng, *et. al.* v. Tom adversary case filed in this Court under Case No. 19-03065. Additionally, the Trustee referced documents related to the 2010 Fraudulent Transfer case in its opposition to Defendant Richard Tom's motion to dismiss filed in this case on November 26, 2021. Therefore, the Trustee's attorneys cannot reasonable argue that they were unaware of the identity of Defendant Justin Tom or Defendant GOLP, or the similar allegations that the Ng Family made in the 2010 Fraudulent Transfer Case.

Further, the Trustee also filed a Motion for Joinder in the Family Law Case, which was denied by the San Francisco Superior Court. (RJN ¶ 12 Exh. 12.) The Trustee's Motion for Joinder was denied by the San Francisco Superior, and the Trustee has appealed that ruling the California Court of Appeal. (RJN ¶¶ 13, 14, 15 Exh. 13, 14, 15.) That motion was filed before the original Complaint was filed in this action. (RJN ¶ 1 Exh. 1.) Finally, the Trustee's attorney questioned Defendant Richard Tom about all transfers, including the transfer to Defendant God's Grace Irrevocable Trust during Defendant Richard Tom's debtor exam in 2017. (RJN ¶ 16 Exh.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 15 of 17

16.) As such, the Trustee cannot reasonably argue that she was unaware of any of these transfers at the time she filed her original Complaint on September 25, 2021.

### III. Plaintiff's Claims Are Time Barred by California's Statute of Limitations for Fraudulent Transfers.

The FAC sets forth three causes of action: (1) Intentional Fraudulent Transfer (Cal. Civ. Code § 3439.04); (2) Constructive Fraudulent Transfer (Cal. Civ. Code § 3439.05); and (3) Liability of Transferee for Avoided Transfer (11 U.S.C. § 544).

Claims for fraudulent transfers must be brought within four years of the transaction, or, if later, then "not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant." See Code Civ. Proc. § 3439.09, subd. (a). The same statute of limitations applies to the Trustees Claim's under 11 U.S.C. § 544, *et seq*. because the Trustee's 544(b)'s cause of action "depends upon whether . . . a creditor existing at the time of the transfers were made . . . still had a viable claim against [the] debtor *at the time the bankruptcy petition was filed.*" *In re Acequia, Inc.*, 34 F.3d 800, 807 (9th Cir. 1994) citing *In re McDowell,* 87 Bankr. 544, 558 (Bankr. S.D. Ill. 1988). As such, the Trustee's Section 544 cause of action depends on whether the Trustee had a viable claim at the time Defendant Richard Tom filed his Petition on September 26, 2019.

Further, the Trustee cannot argue that she "could not reasonably have discovered" information about the transfer. See Code Civ. Proc. § 3439.09, subd. (a). In fact, the Ng Family already litigated nearly an identical matter in the 2010 Fraudulent Transfer Case. Further, the Ng Family and the Trustee have the same counsel who took Defendant Richard Tom's debtor's exam in 2017 when he testified to details about the transfer to Defendant God's Grace Irrevocable Trust. Finally, this Trustee already filed a Motion for Joinder in the Family Law Case.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056    Doc# 91-2    Filed: 12/30/22    Entered: 12/30/22 20:59:29    Page 16 of 17

There is no genuine dispute of material fact that over four years have passed since the date of each of the allegedly fraudulent transactions. Further, it has been more than one year since the transaction was or could have reasonably been discovered. Accordingly, the Trustee's claims against all Defendants are barred by the statute of limitations pursuant to California Code of Civil Procedure § 3439.09(a) and 11 U.S.C. § 544.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 56(a), Defendants respectfully move the Court for an order granting summary judgment in their favor. In the alternative, Defendants moves this Court for an order granting partial summary judgment as to each individual transfer referenced in the Amended Complaint, including: (1) the transfer a 1/2 interest the Property to Defendant Justin Tom; (2) the transfer of the Property to Defendant GOLP; (3) the transfer of a 32% interest in Defendnat GOLP to Winnie Jiang; (4) and the transfer of a 14% interest in Defendant GOLP to Defendant God's Grace Irrevocable Trust, then to Defendant Moon Irrevocable Trust. See Fed. R. Civ. Proc. 56(a).

Dated: December 30, 2022

By:    /S/ Samuel Ray
Samuel Ray
Attorneys for Defendant Green Oasis Limited Partnership Defendant Kenesha Fudge, as Trustee of Moon Irrevocable Trust

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREEN OASIS LIMITED PARTNERSHIP AND DEFENDANT'S KENESHA FUDGE'S MOTION FOR SUMMARY JUDGMENT**

Case: 21-03056　Doc# 91-2　Filed: 12/30/22　Entered: 12/30/22 20:59:29　Page 17 of 17