**Entered on Docket**
**February 23, 2023**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: February 23, 2023**

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>RICHARD TOM,<br><br>Debtor. | Case No. 19-31024 HLB<br><br>Chapter 7 |
| E. LYNN SCHOENMANN,<br><br>Plaintiff,<br>v.<br><br>RICHARD TOM, an individual; RICHARD TOM, as Trustee of God's Grace Irrevocable Trust; WINNIE JIANG; JUSTIN TOM; GREEN OASIS LIMITED PARTNERSHIP; and KENESHA FUDGE, as Trustee of Moon Irrevocable Trust,<br><br>Defendants. | Adv. Proc. No. 21-3056 HLB |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT RICHARD TOM'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding came before the court on February 23, 2023 for a hearing on Defendant Richard Tom's Motion for Summary Judgment and/or Adjudication.[1] Plaintiff E. Lynn

[1] Dkt. 84 (the "Motion").

Schoenmann opposed the Motion;[2] Mr. Tom replied.[3] Appearances were as noted on the record.

The Motion challenges Plaintiff E. Lynn Schoenmann's efforts to avoid the following three allegedly fraudulent transfers:

**i.** the April 2009 transfer by Defendant Richard Tom of a 4% interest in Defendant Green Oasis Limited Partnership ("GOLP") to Mr. Giovanni Toracca;[4]

**ii.** the May 2010 transfer by Richard Tom of a 32% interest in GOLP to Defendant Winnie Jiang (the "May 2010 Transfer"); **and**

**iii.** the November 23, 2013 transfer by Richard Tom of a 14% interest in GOLP to God's Grace Irrevocable Trust (the "Nov. 2013 Transfer").

Ms. Schoenmann seeks to avoid the May 2010 and the Nov. 2013 Transfers as actually fraudulent under section 3439.04(a)(1) of the California Civil Code ("CCC") and as constructively fraudulent under CCC section 3439.05.

The Motion contends that Ms. Schoenmann's cause of action under CCC section 3439.04(a)(1) is barred by the statute of limitations set forth in CCC section 3439.09(a), and that Ms. Schoenmann's cause of action under CCC section 3439.05 is barred by the statute of limitations set forth in CCC section 3439.09(b). The Motion also contends that Ms. Schoenmann is equitably estopped from seeking the avoidance of the Nov. 2013

---

[2] Dkt. 103.

[3] Dkt. 106.

[4] Ms. Schoenmann has repeatedly represented that she does not seek avoidance of this transfer and indeed, the transferee (Mr. Toracca) is not a defendant in this action. Accordingly, the Motion is moot with respect to its arguments concerning this transfer and the court will not address them.


Case: 21-03056 Doc# 113 Filed: 02/23/23 Entered: 02/23/23 17:13:16 Page 2 of 4

Transfer. Finally, the Motion asserts that Ms. Schoenmann is judicially estopped from seeking avoidance of the May 2010 Transfer.

For the reasons stated on the record, the Motion is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows:

**1.** The Motion is **GRANTED** as to its assertion that Ms. Schoenmann's cause of action to avoid the Nov. 2013 Transfer under CCC section 3439.05 is barred by the 4-year statute of limitations set forth in CCC section 3439.09(b).

**2.** The Motion is **DENIED** as to:

**a.** Mr. Tom's assertion that Ms. Schoenmann's cause of action to avoid the Nov. 2013 Transfer under CCC section 3439.04(a)(1) is barred by the statute of limitations set forth in CCC section 3439.09(a);

**b.** Mr. Tom's assertion that Ms. Schoenmann is equitably estopped from pursuing the avoidance of the Nov. 2013 Transfer; **and**

**c.** Mr. Tom's assertion that Ms. Schoenmann is judicially estopped from pursuing avoidance of the May 2010 Transfer.

****END OF ORDER****



Case: 21-03056 Doc# 113 Filed: 02/23/23 Entered: 02/23/23 17:13:16 Page 3 of 4

**Court Service List**